## In re ARMITAGE.
### No. 21366.

District Court, W. D. Pennsylvania.
Dec. 17, 1943.

Ritchie T. Marsh, of Erie, Pa., referee.
Herbert A. Mook, of Meadville, Pa., for trustee.

Harry Kaplan, of Cleveland, Ohio, for bankrupt.

SCHOONMAKER, District Judge.

We have for review an order of Ritchie T. Marsh, Referee in Bankruptcy, setting off to bankrupt $300 cash exemption, in accordance with the laws of Pennsylvania.

The bankrupt asks for review of this order, contending he is entitled to have an exemption set apart to him in accordance with the laws of Ohio, which allows an exemption in the sum of $750.

The bankrupt filed a voluntary petition in this court on November 13, 1942, giving his residence as No. 2261 Stillman Road, Cleveland Heights, Cuyahoga County, Ohio, and averring that his principal place of business was at 952 Federal Court, Meadville, Pennsylvania, and claiming as property exempt from the operation of the Act of Congress relating to bankruptcy:

"Specific chattels in premises located at 952 Federal Court, Meadville, Pa., or in lieu thereof the sum of $750.00 in cash, by virtue of General Code of Ohio, Section 11725 & 11738."

The question raised by the certificate of review is whether the bankrupt's claim for exemption should be awarded to him in accordance with the laws of Pennsylvania, or those of Ohio.

The Referee concluded that the bankrupt was domiciled in the Commonwealth of Pennsylvania for a longer portion of six months immediately preceding his adjudication than in any other state, and awarded him his exemption under the Pennsylvania Statute.

The Referee found that the bankrupt was a resident of the Commonwealth of Pennsylvania from February 1, 1938, until August 21, 1942; that the petition in bankruptcy was filed November 13, 1942; that therefore he was domiciled in Pennsylvania for a longer portion of six months immediately preceding the filing of his petition for adjudication than in any other state; and that therefore the exemption laws of Pennsylvania should be applied.

The Bankruptcy Act provides:

"The provisions of this title shall not affect the allowance to bankrupts of the exemptions which are prescribed by the State laws in force at the time of the filing of the petition in the State wherein they have had their domicile for the six months or the greater portion thereof immediately

preceding the filing of the petition." 11 U.S.C.A. § 24.

Our conclusion is that there was sufficient evidence to justify the findings of fact made by the Referee. His order allowing exemption to bankrupt in accordance with the laws of Pennsylvania will be affirmed.

An order may be submitted accordingly on notice to bankrupt's counsel.